12-505-cr
United States v. Rosario

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
                    REENA RAGGI,
                              *Circuit Judges*.
                    KENNETH M. KARAS,
                              *District Judge*.[*]

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                                    No. 12-505-cr

LUIS ROSARIO, a/k/a Luis J. Rosario,
                    *Defendant-Appellant*,

CESAR SOTO, a/k/a Angelo, a/k/a Cesar Angliolino Soto,
CHRISTOPHER GARCIA, a/k/a Christopher J. Garcia,
                    *Defendants*.

---------------------------------------------------------------------

FOR APPELLANT:              Lawrence Gerzog, Esq., New York, New York.

---

[*] Judge Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                    Ryan P. Poscablo, Andrew L. Fish, Assistant United
                                 States Attorneys, *for* Preet Bharara, United States
                                 Attorney for the Southern District of New York, New
                                 York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 3, 2012, is AFFIRMED.

Defendant Luis Rosario appeals from a judgment of conviction after a two-day bench trial at which he was found guilty of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841, 846.[1] Rosario challenges the sufficiency of the evidence supporting his conviction. While we review a sufficiency challenge <u>de novo</u>, we are obliged to view the evidence in the light most favorable to the prosecution and to uphold the conviction as long as "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original); see <u>United States v. Mazza-Alaluf</u>, 621 F.3d 205, 209 (2d Cir. 2010) (applying "same deferential standard" to review of sufficiency challenge after bench trial). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Rosario was sentenced to the statutory minimum of 10 years' imprisonment, along with a 5-year term of supervised release.

Rosario contends that the evidence was insufficient to prove the existence of a conspiracy because, at best, it demonstrated only drug sales. See United States v. Wexler, 522 F.3d 194, 210–11 (2d Cir. 2008); United States v. Gore, 154 F.3d 34, 40–41 (2d Cir. 1998). The argument fails because the "buyer-seller" exception to conspirator liability is narrow and does not apply where a seller and buyer share a conspiratorial purpose to advance other sales. See United States v. Parker, 554 F.3d 230, 235 (2d Cir. 2009) (discussing rationale for exception). That is this case. Trial evidence established that Rosario had long-standing, mutually beneficial relationships with a number of customers—notably Cesar Soto—who Rosario knew intended to resell the contraband he delivered to them. Rosario's own stake in this further distribution was evident from the fact that he sometimes supplied drugs on credit, see United States v. Rojas, 617 F.3d 669, 675 (2d Cir. 2010) (recognizing sales on credit as suggestive of conspiratorial agreement as distinct from buyer-seller relationship); advised Soto not to cut the drugs for resale; enlisted Soto to deliver drugs to another of Rosario's customers; and received warnings from Soto about possible law enforcement awareness of their activities. This evidence was sufficient to permit a reasonable factfinder to conclude that Rosario was not involved in a mere buyer-seller relationship with customers such as Soto, but rather that he was engaged in a conspiratorial scheme with customers for the further distribution of drugs.

Insofar as Rosario argues that the evidence is "further insufficient" in light of certain discrepancies in the government's proof relating to a sale of contraband from his apartment

3

to a woman who went by the alias "Eilena," Appellant's Br. 15 n.9, the district court properly found that evidence of the sale to Eilena was unnecessary to support a finding of guilt beyond a reasonable doubt in light of the other evidence adduced at trial.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court